IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:22cr299-MHT
                            )            (WO)
ROBERT DAMAINE SALTER       )
```

### ORDER

This case is before the court on defendant Robert Damaine Salter's unopposed motion to continue his trial. Based on the representations made in the motion and on the record at a hearing on February 27, 2023, and for the reasons set forth below, the court finds that jury selection and trial for Salter, now set for March 13, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission

> of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). It excludes from the 70 days any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Salter in a speedy trial. *See* § 3161(h)(7)(A). Salter's attorney was appointed in January 2023, and he is still working to examine all of

the discovery in this case. At the February 27 hearing, he relayed that a continuance is necessary to finish his discovery review, and so that he can prepare for trial. The government does not object to this continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Robert Damaine Salter's unopposed motion to continue trial (Doc. 54) is granted.

(2) The jury selection and trial for defendant Salter, now set for March 13, 2023, is reset for April 17, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 27th day of February, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**