IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )        2:22cr299-MHT
                            )             (WO)
ROBERT DAMAINE SALTER       )
```

ORDER

This case comes before the court on the government's notice of intent to use evidence pursuant to Federal Rule of Evidence 404(b). The government requests permission to admit extrinsic evidence that, according to the government, will show that defendant Robert Damaine Salter was previously convicted of unlawful distribution of a controlled substance, namely methamphetamine, in the Montgomery County Circuit Court. *See* Government's Mot. (Doc. 122).

Under Federal Rule of Evidence 404(b), while "[e]vidence of any other crime ... is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character," such evidence "may be admissible for

another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1), (2). The government argues that the evidence at issue is relevant and admissible as proof of Salter's intent to participate in the alleged drug conspiracy. *See* Government's Mot. (Doc. 122) at 2.

At this time, a decision on the admissibility of this evidence under Rule 404(b) and under Rule 403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice) is premature. The relevance of this evidence either for the purpose asserted by the government or as rebuttal evidence will likely depend on the other evidence presented at trial by both parties.

Counsel for Salter has also filed briefing on the government's Rule 404(b) notice. *See* Defendant's Objection (Doc. 142). In this barebones filing, defense counsel opposes the government's notice seeking

2

to reference the fact of a prior conviction, in part, with a reference to "the residence for which the narcotics were seized in this cause." *Id.* at 2. This reference is both confusing and troubling to the court, as it does not appear to be responsive to the substantive argumentation in the government's notice pursuant to Rule 404(b), which focuses on Salter's previous conviction in an older case rather than on any aspects of the search in his current case. Nonetheless, the court seeks to ensure that Salter enjoys the benefit of the doubt when Rule 404(b) evidence is considered as the bell cannot be unrung when evidence of any sort is presented to the jury. Accordingly, as described below, Salter will have a chance to explain further his opposition to the government's notice before any evidence about his prior conviction would be introduced in court.

***

Accordingly, it is ORDERED that the government's notice of intent to use Rule 404(b) evidence (Doc.

3

122), in so far as it asks the court to determine the admissibility of the proffered evidence described therein, is disposed of at this point as follows:

(1) The government shall not mention the proffered evidence in its opening statement.

(2) The government shall not elicit this evidence without first obtaining a ruling on the admissibility of this evidence from the court outside the presence of the jury.

(3) Nevertheless, defendant Robert Damaine Salter shall still be prepared to respond to such evidence at trial should the court find that it is admissible and can be heard by the jury.

DONE, this the 21st day of July, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

4